**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4382**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

TARANDEEP SINGH,

             Defendant – Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, District Judge.
(1:08-cr-00423-JFM-1)

Submitted:  January 8, 2010          Decided:  February 2, 2010

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

William A. Mitchell, Jr., Greenbelt, Maryland, for Appellant.
James  G.  Warwick,  OFFICE  OF  THE  UNITED  STATES  ATTORNEY,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tarandeep Singh pled guilty, pursuant to a written plea agreement, to one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006), and one count of making a false statement in an application for a passport, in violation of 18 U.S.C. § 1542 (2006). The district court sentenced Singh to two years and one day in prison. On appeal, Singh's counsel has filed an Anders[*] brief noting that there are no meritorious issues for appeal, but questioning whether the district court erred in accepting Singh's guilty plea on the aggravated identity theft count on the ground that the factual basis supporting the plea did not provide that Singh knew that the identity he used in obtaining the passport was that of an actual person. The Government has moved to dismiss the appeal based on Singh's waiver of appellate rights. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and

---

[*] Anders v. California, 386 U.S. 738 (1967).

2

enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Singh knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion in part and dismiss Singh's appeal of his sentence. Although Singh's appeal waiver insulates his sentence from appellate review, the waiver does not preclude our consideration of the claim Singh's counsel raises on appeal or prohibit our review of the record pursuant to Anders. Consequently, we deny the motion to dismiss in part.

Turning, then, to the claim raised in Singh's appellate brief, counsel challenges the district court's acceptance of Singh's guilty plea on the aggravated identity theft count on the ground that the factual basis supporting his plea did not explicitly indicate that Singh knew that the individual whose identity was used in obtaining the passport was an actual person. The Supreme Court recently agreed that this argument, if valid, states a viable defense. Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009). Flores-Figueroa held

3

that 18 U.S.C. § 1028A(a)(1) "requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." Id. at 1894. Because Singh did not move to withdraw his guilty plea in the district court, this claim is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002).

In this case, Singh provided the district court with a signed statement of facts in which he admitted that the birth certificate and driver's license he used to obtain a passport belonged to an actual person. Further, the record reveals that Singh knew that the certificate and license belonged to another person. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991) (concluding that Fed. R. Crim. P. 11 does not require the district court to establish through colloquy that a factual basis exists for the plea). Because a sufficient basis in fact exists to support Singh's guilty plea to the aggravated identity theft count under § 1028A(a)(1), we discern no plain error.

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm Singh's convictions and dismiss the appeal of his sentence. This court requires that counsel inform Singh, in writing, of the right to petition the Supreme Court of the United States for further

4

review. If Singh requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Singh.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART